# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANITA BERRY, individually, and on behalf of other similarly situated consumers,** )<br>)<br>)<br>)<br>**PLAINTIFF,** )<br>)<br>**V.** )<br>)<br>**THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES, LLC,** )<br>)<br>)<br>)<br>**DEFENDANT.** ) | **CIVIL ACTION NUMBER:** |

## COMPLAINT

This is an action brought by the Plaintiff, Anita Berry, individually and on behalf of other similarly situated consumers, for statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331. Venue is proper in that at all relevant times the Defendant transacted business in this District, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, Anita Berry, is over the age of nineteen (19) years and is a resident of the city of Gadsden in Etowah County, Alabama.

2. Defendant The Law Offices of Mitchell D. Bluhm & Associates, LLC (hereinafter referred to as "MDB") is, and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Georgia. Plaintiff asserts that, upon information and belief, Defendant MDB is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).

## STATEMENT OF FACTS

### *Background*

3. On or about July 27, 2018, Plaintiff's grandson received medical treatment at the emergency department at Riverview Regional Medical Center in Gadsden, Alabama.

4. While at Riverview Regional Medical Center in Gadsden, Alabama Plaintiff's grandson received treatment provided by Alabama Emergency Physicians Partners, LLC.

5. Alabama Emergency Physicians Partners, LLC later claimed that

Plaintiff owed it $50.00 (hereinafter referred to as "the debt). This debt, namely the cost of Plaintiff's grandson's medical care, was incurred for personal, family, or household services, and, as such, was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

6. Sometime thereafter, the debt was sold or otherwise assigned to CF Medical, LLC, a debt buyer.

7. After acquiring the debt, CF Medical, LLC hired or retained MDB to collect the debt.

8. MDB decided to contact Plaintiff about the debt via written correspondence.

9. However, rather than preparing and mailing a collection letter on its own, MDB sent information regarding the Plaintiff and the debt to a third-party commercial mail house located in or around Concord, California (hereinafter referred to as "the mail house").

10. MDB disclosed to the mail house:

   a. Plaintiff's status as a debtor;

   b. the fact that Plaintiff allegedly owed $50.00 to CF Medical, LLC;

   c. the fact that the debt concerned Plaintiff's grandson's medical

        treatment;

    d.    Plaintiff's grandson's name;

    e.    other personal information about or regarding the Plaintiff.

11. The mail house then populated some or all of this information into a pre-written template, printed and mailed the letter from California to the Plaintiff's residence in Alabama.  (*See* Exhibit A to Plaintiff's Complaint).

12. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

13. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication as that term is defined by the FDCPA.

14. MDB's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communicating with the Plaintiff in an effort to motivate or compel the Plaintiff to pay the alleged debt.

15. Plaintiff never consented to having her personal and confidential information, concerning the debt, her grandson or otherwise, shared

with anyone else.

16. In limiting disclosures to third parties, the FDCPA states at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the ***consumer***, his ***attorney***, a ***consumer reporting agency*** if otherwise permitted by law, the ***creditor***, the ***attorney of the creditor***, or the ***attorney of the debt collector***. (Emphasis added).

17. The mail house used by MDB as part of its debt collection efforts against the Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

18. The 11th Circuit, in *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2021 U.S. App. LEXIS 11648, (11th Cir. Apr. 21, 2021), recently held that the plaintiff in *Hunstein*, who alleged conduct similar to MDB's conduct in this matter, namely transmitting information regarding a debt to a third-party mail house,

appropriately had standing and stated a claim under the FDCPA, specifically 15 U.S.C. 1692c(b).

19. Due to MDB's communication to the mail house, information about the Plaintiff and her grandson, including their names, the fact that Plaintiff's grandson sought and received medical treatment, treatment dates, the amount allegedly owed, the fact that MDB claimed Plaintiff owed a debt, as well as Plaintiff and her grandson's home address are all within the possession of an unauthorized third-party.

20. MDB unlawfully communicated with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits and without regard to the regulations imposed by the FDCPA or the propriety and privacy of the information which it discloses to such third-party.

## CLASS ACTION ALLEGATIONS

### The Class

21. Plaintiff brings this as a class action pursuant to F.R.C.P. 23 on behalf of herself and all others similarly situated who have received debt collection letters from the Defendant wherein the Defendant wrongfully transmitted information regarding consumers and debts

that they allegedly owe to a third-party mail house which then prepared and mailed said collection letters to consumers.

22. The class is defined as:

   **All consumers within the State of Alabama whose information was transmitted by the Defendant to any third party mail house for the purpose of preparing and sending debt collection letters within one year prior to the filing of this complaint.**

23. Excluded from the Class is the Defendant herein and any person related to or affiliated with the Defendant including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

24. Upon information and belief, Defendant has sent hundreds of similar letters, generated by a third-party mail house, to consumer debtors throughout the State of Alabama, each of which violates the FDCPA. The members of this Class are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of Class members is a matter capable of determination

from Defendant's records.

## Common Questions of Law and Fact

26. There are questions of law and of fact common to the Class that predominate over any questions involving only individual class members. These common questions of law and fact include, without limitation: (i) whether Defendant, by transmitting information regarding debts allegedly owed by Alabama consumers to a third party mail house, violated 15 U.S.C. 1692c(b); (ii) if Defendant violated the FDCPA by its conduct, what amount of statutory damages are appropriate per class member and, (iii) whether the Plaintiff and the Class are entitled to declaratory relief, namely a declaration that Defendant's conduct violated the FDCPA.

## Typicality

27. The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all of the members of the Plaintiff's Class as defined in this Complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests which are adverse to the interests of other members of the Class.

### Protecting the Interests of the Class Members

28. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced in FDCPA litigation and, additionally, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Neither Plaintiff nor her counsel have any interests which might deter them from vigorously pursuing the instant class action lawsuit.

### Proceeding via Class Action is Superior and Advisable

30. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified at 15 U.S.C. § 1692k.

31. The members of the Class very likely will not have their rights vindicated absent a class action.

32. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varied standards for the parties.

33. Certification of a Class is also appropriate in that questions of law

and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member.  As such, a class action is superior to other available methods for the fair and efficient adjuication of the controversy.

34. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who otherwise could not afford to seek legal redress for the wrongs complained of herein or would otherwise not be able to secure counsel to assist them in seeking legal redress for the conduct complained of in this Complaint.

35. Absent a class action, the Class members will continue to be harmed by Defendant's breaches of the Class members' statutorily protected rights and will be deprived of statutory damages thus allowing and permitting Defendant's wrongful conduct to proceed and Defendant to further enjoy the benefit of its wrongful conduct.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

36. Defendant's conduct, as outlined herein, violates 15 U.S.C. § 1692c(b).

37. As a result of such violation, Plaintiff, and by extension the Class, is entitled to statutory damages in an amount to be determined by a jury as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests the Court do the following:

A. Certify the Class described herein and appoint Plaintiff as Lead Plaintiff and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages on a class wide basis for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

C. Award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Ms. Anita Berry
c/o Plaintiff's Counsel
P.O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**The Law Offices of Mitchell D. Bluhm & Associates, LLC**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104